**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al., [1]<br><br>　　　　　Remaining Debtors.<br><br>MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of WOODBRIDGE LIQUIDATION TRUST,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MAXWELL FINANCIAL GROUP, INC. a California corporation; and ROSEMARY MALMSTEDT, an individual,<br><br>　　　　　Defendant. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered)<br><br><br><br><br><br>Adversary Proceeding<br>Case No. 19-50915 (BLS) |

**ANSWER OF DEFENDANT MAXWELL FINANCIAL GROUP, INC.**

Defendant Maxwell Financial Group, Inc. (the "Defendant"), by and through its undersigned counsel, hereby answers the numbered paragraphs of the Adversary Complaint: (I) for Avoidance and Recovery of Avoidable Transfers; and (II) for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud (the "Complaint") as follows:

**NATURE OF THE ACTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

1

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

3. Admitted.

## JURISIDICTION AND VENUE

4. This paragraph states a legal conclusion to which no response is required.

5. This paragraph states a legal conclusion to which no response is required.

## THE PARTIES

6. Admitted.

7. Admitted.

8. The Plan is a document that speaks for itself, no further response is required.

9. Admitted.

10. Admitted.

11. The Plan is a document that speaks for itself, no further response is required.

12. The Plan is a document that speaks for itself, no further response is required.

13. The first two sentences in this paragraph are admitted. The last sentence in this paragraph is denied. As further response, Defendant states that Rosemary Malmstedt was not an employee or officer of Defendant. Ms. Malmstedt is not a broker or financial advisor. The one entry on Exhibit A attached to the Complaint is for $1,000 and was paid in connection with a one-time referral.

14. Denied.

## FACTUAL BACKGROUND

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and, on that basis, denies the

allegations. The Court's order confirming the Plan speaks for itself and no further response is required.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

20. Admitted that the check entries on Exhibit A appear to be accurate as to Defendant in that Defendant received the amounts stated on Exhibit A. All other allegations in this paragraph are denied.

21. Admitted that the check entries on Exhibit A appear to be accurate as to Defendant in that Defendant received the amounts stated on Exhibit A. All other allegations in this paragraph are denied.

### **FIRST CLAIM FOR RELIEF**

22. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

26. Denied.

## SECOND CLAIM FOR RELIEF

27. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

30. This paragraph states a legal conclusion to which no response is required.

31. Denied.

## THIRD CLAIM FOR RELIEF

32. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

35. This paragraph states a legal conclusion to which no response is required.

36. Denied.

## FOURTH CLAIM FOR RELIEF

37. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

40. This paragraph states a legal conclusion to which no response is required.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

42. This paragraph states a legal conclusion to which no response is required.

43. Denied.

## **FIFTH CLAIM FOR RELIEF**

44. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

47. This paragraph states a legal conclusion to which no response is required.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

49. This paragraph states a legal conclusion to which no response is required.

50. Denied.

## SIXTH CLAIM FOR RELIEF

51. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

52. Denied that Defendant sold any Notes and Units. Any remaining allegations in the paragraph state legal conclusions to which no response is required.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

54. Denied.

55. Denied.

56. Denied that Defendant violated the Securities Act. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and, on that basis, denies those allegations.

57. Denied.

## SEVENTH CLAIM FOR RELIEF

58. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

59. Denied.

60. The first sentence in this paragraph is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and, on that basis, denies those allegations.

61. Denied.

62. Denied.

63. Denied.

## EIGHTH CLAIM FOR RELIEF

64. Defendant incorporates its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

66. Denied.

67. Denied.

68. Defendant admits receiving compensation for referrals any other allegation inconsistent with that admission is denied.

69. Denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof of these defenses that would otherwise rest on Plaintiff. Defendant intends to rely upon such other and further defenses as may become apparent during the course of discovery, and reserve the right to assert any additional defenses.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The relief sought in the Complaint is barred to the extent that each of the transfers that forms the basis of the Complaint was intended by the party for whose benefit the transfer was made to be a contemporaneous exchange for new value given and was, in fact, a substantially contemporaneous exchange.

### Third Affirmative Defense

The relief sought in the Complaint is barred to the extent that each of the transfers that forms the basis of the Complaint occurred and was made in the ordinary course of business of financial affairs of the Debtors and Defendant and/or that such transfers were made according to ordinary business terms.

### Fourth Affirmative Defense

The relief sought in the Complaint is barred to the extent that each of the transfers that forms the basis of the Complaint was to, or for the benefit of, the Debtors to the extent that after such transfer, Defendant gave new value to or for the benefit of the Debtors.

### Fifth Affirmative Defense

The relief sought in the Complaint is barred by offsets to which Defendant are entitled.

### Sixth Affirmative Defense

The relief sought in the Complaint is barred to the extent that the claims raised therein are subject to the doctrine of accord and satisfaction.

### Seventh Affirmative Defense

The relief sought in the Complaint is barred to the extent that the claims raised therein are subject to the principles of estoppel.

### Eighth Affirmative Defense

The relief sought in the Complaint is barred to the extent that the claims raised therein are subject to the doctrine of laches.

### Ninth Affirmative Defense

The relief sought in the Complaint is barred to the extent that the claims raised therein are subject to the doctrine of waiver.

### Tenth Affirmative Defense

Plaintiff's claims are barred because the Debtors did not make some or all of the relevant transfers to Defendant while the Debtors were insolvent.

### Eleventh Affirmative Defense

The relief sought by Plaintiff in the Complaint should be denied to the extent that any claims asserted therein are, or hereafter become, barred by any applicable statute of limitations, including without limitation, any applicable limitations periods set forth in 11 U.S.C. §§ 546 and 550.

### Twelfth Affirmative Defense

Relief sought by Plaintiff in the Complaint is barred to the extent Plaintiff cannot establish his prima facie case with respect to each of the relevant transfers.

### Thirteenth Affirmative Defense

The transfers at issue were not fraudulent to the extent that there was no actual intent to hinder, delay or defraud and the Debtor(s) received reasonably equivalent value in exchange.

### Fourteenth Affirmative Defense

The Plaintiff has failed to plead fraud with particularity.

### Fifteenth Affirmative Defense

The Plaintiff's claims and theories for relief are barred, in whole or in part, because Defendant acted in good faith and with justification.

### Sixteenth Affirmative Defense

The Plaintiff fails to allege the minimum threshold for a preference claim set forth in 11 U.S.C. § 547(c)(9).

Dated: March 20, 2020                              **CROSS & SIMON, LLC**


  /s/ David G. Holmes
David G. Holmes (No. 4718)
1105 North Market Street, Suite 901
P.O. Box 1380
Wilmington, Delaware 19899-1380
302-777-4200 / 302-777-4224 (fax)
dholmes@crosslaw.com

*Attorney for Maxwell Financial Group, Inc.*